1

**HUSCH BLACKWELL LLP**
ANDREW B. KLEINER, SB# 276737
E-Mail: Andy.Kleiner@huschblackwell.com
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7885
Facsimile:  480.824.7905
*Attorneys for Defendant Empire National, Inc.*

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| VACATIONAL BIKE RENTALS, LLC, a limited liability company, | Case No.: 2:24-cv-07105 CAS |
| Plaintiff, | **DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)** |
| vs. | |
| KITZUMA CORPORATION, A CORPORATION, DBA KITZUMA CYCLING LOGISTICS; GETCARRIER, LLC, A LIMITED LIABILITY COMPANY; SPEED EXPRESS, INC., A CORPORATION; EMPIRE NATIONAL, INC., A CORPORATION, | **Hearing Date:**  Monday, November 18, 2024, at 10:00 am |
| Defendants. | Judge Christina A. Snyder |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ..................................................................................ii

TABLE OF AUTHORITIES..........................................................................iii

I.     RELEVANT ALLEGATIONS .................................................................1

II.    MOTION TO DISMISS LEGAL STANDARD.......................................2

III.   PLAINTIFF'S STATE LAW CLAIMS FALL UNDER THE CARMACK AMENDMENT'S PREEMPTION, WARRANTING DISMISSAL .................................................................................................3

   A.   The Carmack Amendment is Part of a Comprehensive Scheme Designed to Bring Uniform Treatment to the Carrier-Shipper Relationship.........................................................................................3

   B.   "Transportation" is Broadly Defined. ...........................................7

   C.   The Carmack Amendment Preempts All Plaintiff's State Law Claims.................................................................................................8

      1.   Theft of cargo/goods qualifies as a "loss" as under the Carmack Amendment. .................................................................8

      2.   Count 1 – Negligence is preempted by the Carmack Amendment. ..........9

      3.   Counts 3 & 4 – quantum meruit and unjust enrichment are preempted by the Carmack Amendment. .............................................10

      4.   Count 5 – Conversion is preempted by the Carmack Amendment. ........11

IV.    PLAINTIFF'S STATE LAW CLAIMS PLED IN CAUSES OF ACTION 1, 3-5 ARE ALSO PREEMPTED BY FAAAA .............................12

CONCLUSION...................................................................................................14

Certificate of Compliance.................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### <u>Cases</u>

*Adams Express Co. v. Croninger*,
    226 U.S. 491 (1913) ............................................................................3, 4, 8

*All World Prof'l Travel Servs., Inc. v. Am. Airlines, Inc.*,
    282 F.Supp.2d 1161 (C.D. Cal. 2003)...................................................13

*American Airlines, Inc. v. Wolens*,
    513 U.S. 219 (1995) ................................................................................12

*AMG Res. Corp. v. Wooster Motor Ways, Inc.*, Civ.,
    No. 15-3716, 2019 U.S. Dist. LEXIS 6747 (D.N.J. Jan. 14, 2019) ....................13

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................2

*Asmis v. Phila. Truck Lines, Inc.*,
    2021 U.S. Dist. LEXIS 70721, *7 ...........................................................10

*Atchison, T. & S. F. R. Co. v. Harold*,
    241 U.S. 371 (1916) ..................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................2

*Bormaster v. Express Shipping Ctr., Inc.*,
    No. 96-17197, 1999 U.S. App. LEXIS 11051 (9th Cir. May 26, 1999).............11

*Certain Underwriters at Interest at Lloyd's of London v. UPS of Am., Inc.*,
    762 F.3d 332 (3d Cir. 2014) .........................................................5, 7, 11

*Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co.*,
    237 U.S. 597 (1915) ..................................................................................5

*Cleveland v. Beltman N. Am. Co.*,
    30 F.3d 373 (2d Cir. 1994) ........................................................................5

*Coughlin v. United Van Lines, LLC*,
    No. CV 0410576 R, 2005 U.S. Dist. LEXIS 51065 (C.D. Cal. June 22, 2005)..................................................................................12

- iii -

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

*Deerskin Trading Post v. UPS of Am.*,
   972 F. Supp. 665 (N.D. Ga. 1997)........................................................................13

*EMCO Corp. v. Miller Transfer & Rigging Co.*,
   No. 22-3376, 2023 U.S. App. LEXIS 2553 (6th Cir. Jan. 31, 2023).....................8

*Exel, Inc. v. S. Refrigerated Transp., Inc.*,
   807 F.3d 140 (6th Cir. 2015) ...................................................................................3

*Fed. Ins. Co. v. Nolan Transp. Grp., Inc.*,
   No. 1:15-CV-00344-CC, 2016 U.S. Dist. LEXIS 187727 (N.D. Ga. Oct.
   12, 2016)................................................................................................................13

*Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.*,
   241 U.S. 190 (1916) .................................................................................................7

*Hall v. N. Am. Van Lines, Inc.*,
   476 F.3d 683 (9th Cir. 2007) .......................................................................6, 7, 9, 11

*Harang v. Delta Moving Servs.*,
   No. H-10-1953, 2011 U.S. Dist. LEXIS 29888 (S.D. Tex. Mar. 23, 2011) ........10

*Heniff Transp. Sys., L.L.C. v. Trimac Transp. Servs.*,
   847 F.3d 187 (5th Cir. 2017) ...................................................................................5

*Hopper Furs, Inc. v. Emery Air Freight Corp.*,
   749 F.2d 1261 (8th Cir. 1985) .................................................................................6

*Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*,
   970 F.2d 609 (9th Cir. 1992) ...........................................................................10, 11

*Hughes v. United Van Lines, Inc.*,
   829 F. 2d 1407 (7th Cir. 1987) ................................................................................6

*Intech Inc. v. Consolidated Freightways*,
   836 F.2d 672 (1st Cir. 1987) ...................................................................................8

*La. Transp. v. Cowan Sys., LLC*,
   2012 U.S. Dist. LEXIS 66294, *11-12...................................................................10

*Ledet v. Across USA, Inc.*,
   2024 U.S. Dist. LEXIS 88241, *15.........................................................................11

*Mobile Traders, Inc. v. FedEx Freight, Inc.*,
   692 F. Supp. 3d 1252 (S.D. Fla. 2023)...................................................................9

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

*Morales v. Trans World Airlines*,
    504 U.S. 374 (1992) ..................................................................................12

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ......................................................................2

*New York, N. H. & H. R. Co. v. Nothnagle*,
    346 U.S. 128 (1953) ....................................................................................4

*Nyk Line (n. Am.) v. Burlington N. & Santa Fe Ry. Co.*,
    222 F. Supp. 2d 1176 (C.D. Cal. 2002).......................................................7

*Pietro Culotta Grapes, Ltd. v. Southern Pac. Transp. Co.*,
    917 F. Supp. 713 (E.D. Cal. 1996)...............................................................8

*PNH Corp. v. Hullquist Corp.*,
    843 F. 2d 586 (1st Cir. 1988) ......................................................................8

*REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*,
    519 F.3d 693 (7th Cir. 2008).......................................................................7

*Rini v. United Van Lines*,
    104 F.3d 502 (1st Cir. 1997) ...................................................................5, 8

*Rowe v. New Hampshire Motor Transport Assn.*,
    552 U.S. 363 (2008) ..................................................................................12

*Rush Indus. v. MWP Contractors, LLC*,
    539 F. App'x 91 (4th Cir. 2013)...................................................................5

*S. De R.L. De C.V. v. Willie*,
    No. H-14-211, 2015 U.S. Dist. LEXIS 196067 (S.D. Tex. Feb. 18, 2015) ...........8

*Shemes v. United States Moving Serv. LLC*,
    2023 U.S. Dist. LEXIS 176910, *15 ..........................................................10

*Shroyer v. New Cingular Wireless Servs. Inc.*,
    622 F.3d 1035 (9th Cir. 2010)......................................................................2

*Skanes v. FedEx*,
    734 F. App'x 671 (11th Cir. 2018)...............................................................6

*Sony Biotechnology, Inc. v. Chipman Logistics & Relocation*,
    No. 17-CV-1292-AJB-WVG, 2017 U.S. Dist. LEXIS 134440 (S.D. Cal. Aug. 22, 2017) ..................................................................................10

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

*Spray-Tek, Inc. v. Robbins Motor Transp., Inc.*,
   426 F. Supp. 2d 875 (West. Dist. WI, 2006) ..................................................... 10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................................................... 3

*Steiner v. Horizon Moving Sys.*,
   568 F. Supp. 2d 1084 (C.D. Cal. 2008) ............................................................. 6

*Thermal Techs., Inc. v. United Parcel Serv., Inc.*,
   No. 08-CV-102-GKF-FHM, 2008 U.S. Dist. LEXIS 90243, 2008 WL
   4838681 (N.D. Okla. Nov. 5, 2008) ................................................................. 13

*Thornton v. Philpot Relocation Systems*,
   Docket No. 3:09-CV-329, 2012 U.S. Dist. LEXIS 6696, at *9 (E.D. Tenn.
   Jan. 20, 2012) ....................................................................................................... 7

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
   73 F.3d 1423 (7th Cir. 1996) ............................................................................. 13

*U.S. v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................... 2

*Underwriters at Lloyds of London v. North American Van Lines*,
   890 F.2d 1112 (10th Cir. 1989) ........................................................................... 6

*Usinor Steel Corp.*,
   308 F. Supp. 2d .................................................................................................. 11

*Vieira v. United Parcel Service, Inc.*,
   1996 WL 478686 (N.D. Cal. 1996) .................................................................. 13

*W. D. Lawson & Co. v. Penn Cent. Co.*,
   456 F.2d 419 (6th Cir. 1972) ............................................................................... 5

*White v. Mayflower Transit, LLC*,
   543 F.3d 581 (9th Cir. 2008) ..................................................................... 5, 6, 11

*Yellow Transp., Inc. v. DM Transp. Mgmt. Servs., Inc.*,
   No. 06DCV1517-LDD, 2006 U.S. Dist. LEXIS 51231 (E.D. Pa. July 14,
   2006) ................................................................................................................... 13

**Statutes**

49 U.S.C. § 13102 (23)(B) ........................................................................................ 7

49 U.S.C. § 14501 ................................................................................................... 1

49 U.S.C. § 14501(c)(1) ............................................................................... 12, 13, 14

49 U.S.C. § 14706 ............................................................................................... 1, 3

49 U.S.C. § 14706(a)(1) ....................................................................................... 3, 4

49 U.S.C. § 41713(b)(4)(A) .................................................................................... 12

**<u>Rules</u>**

Fed. R. Civ. P. 10(c) ................................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 2

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

Plaintiff's four causes of action against Empire—(1) Negligence, (2) Quantum Meruit, (3) Unjust Enrichment, and (4) Conversion—should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Each of these state law claims against Empire National, Inc. ("Empire") arises from Plaintiff's allegation that its cargo was lost or damaged during interstate transport from North Carolina to California. The Carmack Amendment is Plaintiff's exclusive remedy for loss or damage to cargo during interstate transportation. Additionally, the Carmack Amendment (49 U.S.C. § 14706) and the Federal Aviation Administration Authorization Act (49 U.S.C. § 14501) ("FAAAA") preempt all state law claims Plaintiff asserts against Empire. For these reasons, the Court should dismiss the Complaint against Empire.

## I.    RELEVANT ALLEGATIONS

Plaintiff alleges that in May 2024, it purchased 131 e-bikes for $75,000. (Doc. 2 ¶ 10.) Plaintiff stored the bikes at Defendant Kitzuma Corporation's ("Kitzuma") warehouse in Asheville, NC. (*Id*.) Plaintiff arranged for the bikes to be transported in interstate commerce from NC to CA by hiring freight broker Defendant GetCarrier, LLC ("GetCarrier"), who was responsible for hiring a motor carrier to transport the bikes. (Doc. 2, ¶ 12.) GetCarrier allegedly hired Defendant Speed Express, Inc. ("Speed") as the motor carrier. (*Id*.) However, an unknown and unauthorized third party "electronically intercepted" the shipment of bikes and rebooked it with Empire to transport the shipment. (Doc. 2, ¶ 15.) Empire picked up the bikes from Kitzuma, where Kitzuma generated a bill of lading (the shipping contract) and released the bikes to Empire with the bill of lading signed by Kitzuma. (Doc. 2, ¶ 16; Exhibit A Page 19 of 19 Page ID# 22.) Plaintiff alleges that Kitzuma printed the wrong address on the bill of lading, and as a result, Plaintiff never received the shipment of bikes from Empire or any other motor carrier. (Doc. 2, ¶ 16; 18.) Plaintiff claims that the bikes were stolen or converted in California. (*Id*.)

Plaintiff filed suit on August 22, 2024, seeking damages for the loss of the bikes and other damages totaling $350,000. (Doc. 2, ¶ 20.)

## II.    MOTION TO DISMISS LEGAL STANDARD

Dismissal of the entire Complaint against Empire is warranted because Plaintiff fails to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs. Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[A] written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

Courts are directed to accept as true all factual allegations in the complaint, however, the presumption of truth does not apply to conclusory allegations. *Iqbal*, 556 US at 680-81 (italics added). Another exception to this requirement exists when facts in the complaint are contradicted by facts established in an exhibit attached to that complaint which is properly incorporated by reference, such as a contract. See

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. PLAINTIFF'S STATE LAW CLAIMS FALL UNDER THE CARMACK AMENDMENT'S PREEMPTION, WARRANTING DISMISSAL

Each of Plaintiff's state law claims against Empire arise from Plaintiff's allegation that its cargo (the bikes) was lost or damaged during interstate transport from North Carolina to California. (Doc. 2, ¶¶15, 16, 18, 20.) The Carmack Amendment exclusively governs the interstate transportation of goods and preempts any state law claims related to such transport. Under the Carmack Amendment, Plaintiff's sole remedy is limited to "actual loss or injury to the property" transported. 49 U.S.C. § 14706(a)(1). Since Plaintiff's state law claims all arise from and relate to the loss or damage to its cargo—the bikes—during interstate transportation, the Carmack Amendment preempts all Plaintiff's claims asserted against Empire in the Complaint. Therefore, the Court should dismiss the Complaint, including Counts 1, 3-5, and Plaintiff's claim for punitive damages against Empire.

### A. The Carmack Amendment is Part of a Comprehensive Scheme Designed to Bring Uniform Treatment to the Carrier-Shipper Relationship.

The Carmack Amendment creates a "national scheme of carrier liability." *Exel, Inc. v. S. Refrigerated Transp., Inc.,* 807 F.3d 140, 148 (6th Cir. 2015). It provides shippers with **a single cause of action** against carriers for loss sustained in connection with the transit of property. 49 U.S.C. § 14706(a)(1). Further, it preempts all state law claims on "the subject of the liability of the carrier." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (stating that the Carmack Amendment" embraces the subject of the liability of the carrier" so completely that it "supersede[s] all state regulation with reference to it.") Under the Carmack Amendment, a shipper may recover for the actual losses resulting from the loss of or damage to property caused by an interstate carrier involved in the shipment. 49 U.S.C. § 14706. The Carmack Amendment provides, in relevant part, as follows:

1
2
3
4

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. ***The liability imposed under this paragraph is for the actual loss or injury to the property*** . . . . Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

5    49 U.S.C. § 14706(a)(1) (emphasis added).

6    Within a few years of the Carmack Amendment's passage, the United States

7    Supreme Court addressed its dual goals of uniformity and preemptive scope. In the

8    seminal case of *Adams Express*, 226 U.S. at 505-06, the Supreme Court defined

9    Carmack Amendment preemption in the broadest terms:

10
11
12

> Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. . . But when Congress acted in such a way as to manifest a purpose to exercise its conceded authority, the regulating power of the state ceased to exist.

13    *Adams Express* held that claims arising out of loss or damage to property

14    transported in interstate commerce are governed exclusively by the Carmack

15    Amendment and that all state and common law claims are preempted. The Court

16    explained that the primary objective of the statute is the establishment of a uniform

17    national policy governing liability of interstate carriers:

18
19
20
21
22

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to goods delivered to it for transportation from one state to another. The congressional action has made an end to this diversity….

23    *Id*. at 505.

24    Each succeeding Supreme Court decision interpreting the scope of the Carmack

25    Amendment has repeated the principles enunciated in *Adams Express*—

26    comprehensiveness of application and uniformity of treatment regardless of state

27    laws. *See, e.g., New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953)

28    ("With the enactment in 1906 of the Carmack Amendment, Congress superseded

- 4 -

diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss"); *Atchison, T. & S. F. R. Co. v. Harold*, 241 U.S. 371, 378 (1916) ("it is not disputable that what is known as the Carmack Amendment . . . was an assertion of the power of Congress over the subject of interstate shipments, the duty to issue bills of lading and the responsibilities thereunder, which in the nature of things excluded state action"); *Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co*., 237 U.S. 597, 604 (1915) (even state-law claims that supplement the Carmack Amendment are preempted.)

All Circuit Courts of Appeal, including the Ninth Circuit, have held that the Carmack Amendment's broad scope preempts all state law claims, whether they contradict or supplement remedies under the Carmack Amendment. *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008) ("the Carmack Amendment … **provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property**.") (emphasis added); *Rini v. United Van Lines*, 104 F.3d 502, 506 (1st Cir. 1997) ("[A]ll state laws that impose liability on carriers based on the loss or damage of shipped goods are preempted"); *Cleveland v. Beltman N. Am. Co*., 30 F.3d 373, 379 (2d Cir. 1994) (Carmack Amendment preempts federal common law claims); *Certain Underwriters at Interest at Lloyd's of London v. UPS of Am., Inc*., 762 F.3d 332 (3d Cir. 2014) (holding that "the Carmack Amendment preempts all state law claims for compensation for the loss of or damage to goods shipped by a ground carrier in interstate commerce"); *Rush Indus. v. MWP Contractors, LLC*, 539 F. App'x 91, 95 (4th Cir. 2013) (Carmack Amendment "preempts all state or common law claims available to a shipper against a carrier for loss or damage associated with interstate shipment"); *Heniff Transp. Sys., L.L.C. v. Trimac Transp. Servs*., 847 F.3d 187, 190 (5th Cir. 2017) ("**The Amendment provides the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier**") (emphasis

added); *W. D. Lawson & Co. v. Penn Cent. Co*., 456 F.2d 419, 421 (6th Cir. 1972) ("As to the . . . issue . . . [of] whether or not the Carmack Amendment preempted common law suits . . . we hold that it did."); *Hughes v. United Van Lines, Inc*., 829 F. 2d 1407, 1415 (7th Cir. 1987) ("[We] hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act"); *Hopper Furs, Inc. v. Emery Air Freight Corp*., 749 F.2d 1261, 1264 (8th Cir. 1985) ("All actions against a common carrier, whether designated as **tort** or contract actions, are governed by the federal statute [the Carmack Amendment]") (emphasis added); *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008) ("The Carmack Amendment is a federal statute that **provides an exclusive cause of action for interstate shipping contract claims**, and it completely preempts state law claims alleging delay, **loss**, **failure to deliver** and damage to property."); *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) ("[W]e now hold that the Carmack Amendment preempts state common law remedies . . . for **negligent** loss or damage to goods shipped under a lawful bill of lading.") (emphasis added); *Skanes v. FedEx*, 734 F. App'x 671, 673 (11th Cir. 2018) (emphasis added) ("The pre-emptive effect of the Carmack Amendment is broad and embraces all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation") (emphasis added)

The United States District Court for the Central District of California also follows the Circuit Courts by holding that the Carmack Amendment preempts state law claims against a carrier arising from the interstate transportation of property. *Hall v. N. Am. Van Lines, Inc*., 476 F.3d 683, 688-90 (9th Cir. 2007) (It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property, including claims for breach of contract **and conversion**); *Steiner v. Horizon Moving Sys*., 568 F. Supp. 2d 1084, 1087 (C.D. Cal. 2008) ("[t]he Carmack Amendment provides the exclusive claim for

damages arising out of an interstate shipping contract, and the statute completely preempts a state law contract claim for recovery of such damages.") (emphasis added); *Nyk Line (n. Am.) v. Burlington N. & Santa Fe Ry. Co.*, 222 F. Supp. 2d 1176, 1179 (C.D. Cal. 2002) (All state law causes of action, which **negligence** and breach of contract are, are absolutely preempted by the Carmack Amendment.)

### B. "Transportation" is Broadly Defined.

The Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation . . ." *Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). Following this extremely broad definition of transportation, Circuit Courts across the country have held that the scope of the Carmack Amendment's preemption encompasses not only the actual transport activities, but also all other acts of the motor carrier in connection with the interstate transport, stating:

> Courts of Appeals from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have consistently held that **the Carmack Amendment is the "exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property**. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-90 (9th Cir. 2007); accord *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697-98 (7th Cir. 2008) (emphasis added.)

*Certain Underwriter*, 762 F.3d at 336 (emphasis added).

Specifically, the express definition of "transportation" under the Carmack Amendment is extremely broad and includes:

> [S]ervices related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

*See* 49 U.S.C. § 13102 (23)(B); *see also Thornton v. Philpot Relocation Systems*, Docket No. 3:09-CV-329, 2012 U.S. Dist. LEXIS 6696, at *9 (E.D. Tenn. Jan. 20, 2012) ("The provisions of the Carmack Amendment supersede all the regulations and policies of a particular state and govern exclusively in determining the liability of a

carrier transporting freight (including household goods) in interstate commerce. No state law can be applied in determining the scope of liability of an interstate motor carrier under the Carmack Amendment." citing *Adams Express*, 226 U.S. at 505); *EMCO Corp. v. Miller Transfer & Rigging Co*., No. 22-3376, 2023 U.S. App. LEXIS 2553, at *6 (6th Cir. Jan. 31, 2023) (Carmack defines "transportation" broadly, and therefore encompasses damage to any cargo during the physical movement of the cargo as well as "services related to th[e] movement" and packing of the cargo); *Intech Inc. v. Consolidated Freightways*, 836 F.2d 672, 677 (1st Cir. 1987); *Rini*, 104 F.3d 502; *see also PNH Corp. v. Hullquist Corp*., 843 F. 2d 586, 590 (1st Cir. 1988) (transportation includes all "services incident to carriage and delivery"); *Air Liquide Mex. S. De R.L. De C.V. v. Willie*, No. H-14-211, 2015 U.S. Dist. LEXIS 196067, at *9 (S.D. Tex. Feb. 18, 2015) (the Carmack Amendment's broad definition of "transportation" includes services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property); *Pietro Culotta Grapes, Ltd. v. Southern Pac. Transp. Co*., 917 F. Supp. 713, 715-16 (E.D. Cal. 1996) (finding transportation as defined in the Carmack Amendment is interpreted broadly, encompassing pre-shipment misrepresentations concerning delivery deadlines.).

As such, Plaintiff's entire Complaint, including all four state law claims asserted against Empire—negligence, quantum meruit, unjust enrichment, and conversion—all arise out of and are related to the interstate transportation of Plaintiff's goods and, thus, all state law claims against Empire are preempted. Further, Plaintiff's claim for punitive damages is also preempted and should be dismissed with prejudice.

### C.    The Carmack Amendment Preempts All Plaintiff's State Law Claims.

1.    *Theft of cargo/goods qualifies as a "loss" as under the Carmack*

*Amendment.*

Cargo or goods stolen or converted during an interstate shipment does not preclude the application of the Carmack Amendment. Theft of an interstate shipment constitutes a "loss" under the Carmack Amendment. Therefore, the Carmack Amendment serves as the shipper's exclusive remedy for such a loss. *Mobile Traders, Inc. v. FedEx Freight, Inc*., 692 F. Supp. 3d 1252, 1255 (S.D. Fla. 2023).

In *Mobile Traders, Inc. v. FedEx Freight, Inc*., shipper plaintiff arranged for cellular devices to be shipped from Texas to Florida with FedEx as the carrier. When the shipment arrived in Florida it was discovered that the shipment had been tampered with and approximately half of the devices were allegedly stolen. *Mobile Traders, Inc.* 692 F. Supp. 3d 1252, 1254. Plaintiff sued FedEx asserting various Florida state law claims. FedEx moved to dismiss arguing the Carmack Amendment preempted the plaintiff's state law claims. The Court held, that the theft of the devices fell under the ambit of the Carmack Amendment and the plaintiff's state law claims were preempted and properly dismissed. *Id*. at 1255. Furthermore, plaintiff's claim of civil theft against FedEx was held to be a cause of action that was preempted because theft was not "conduct separate and distinct from the delivery, loss of, or damage to goods." *Id*. at 1257.

Similarly, here, Plaintiff claims that Empire, along with the other Defendants, engaged in "unlawful acts…[that] caused or contributed to the unlawful taking and depriving Plaintiff of his property…which constitutes the unlawful act of Conversion." (Doc. 2, ¶40.) Because Plaintiff alleges that the bikes were lost (which includes theft or conversion) during an interstate shipment, the Carmack Amendment governs this case.

2.      *Count 1 – Negligence is preempted by the Carmack Amendment.*

In Count 1, Plaintiff alleges that Defendants breached their duty of care, which caused and/or contributed to the conversion or theft of Plaintiff's bikes. (Doc. 2, ¶ 19.) Plaintiff further claims that Defendants' unlawful actions directly resulted in

1  damages suffered by Plaintiff. (Doc. 2, ¶ 20.)

2      Plaintiff's negligence claim is preempted by the Carmack Amendment. *Hall,*

3  476 F.3d at 689 (dismissing common law negligence claim against a carrier as

4  preempted by the Carmack Amendment); *Hughes Aircraft Co. v. N. Am. Van Lines,*

5  *Inc.,* 970 F.2d 609, 613 (9th Cir. 1992) (concluding that the Carmack

6  Amendment required the dismissal of a common law negligence claim against a

7  carrier); *Sony Biotechnology, Inc. v. Chipman Logistics & Relocation*, No. 17-CV-

8  1292-AJB-WVG, 2017 U.S. Dist. LEXIS 134440, at *8 (S.D. Cal. Aug. 22, 2017)

9  (dismissing state law claim for negligence as preempted by the Carmack

10  Amendment.)

11      Based on Plaintiff's allegations and the foregoing authorities, the Court should

12  dismiss Count 1 because the Carmack Amendment. Preempts a claim for negligence.

13          3.     *Counts 3 & 4 – quantum meruit and unjust enrichment are*

14                  *preempted by the Carmack Amendment.*

15      Plaintiff's claims for quantum meruit and unjust enrichment, which are based

16  on state law, are preempted by the Carmack Amendment and therefore must be

17  dismissed. These claims simply aim to recover compensation for the loss of Plaintiff's

18  bikes during interstate transport. *Shemes v. United States Moving Serv. LLC*, 2023

19  U.S. Dist. LEXIS 176910, *15 ("the Carmack Amendment preempts Plaintiffs'

20  negligence, **unjust enrichment**, fraud, Kansas Consumer Protection Act, and

21  California Consumer Legal Remedies Act claims. . . .") (emphasis added); *Asmis v.*

22  *Phila. Truck Lines, Inc*., 2021 U.S. Dist. LEXIS 70721, *7 (Plaintiff's state law

23  claims, including **unjust enrichment** dismissed as preempted by Carmack.); *Spray-*

24  *Tek, Inc. v. Robbins Motor Transp., Inc*., 426 F. Supp. 2d 875, 887 (West. Dist. WI,

25  2006) (plaintiff's common law claims for **unjust enrichment** and promissory

26  estoppel were dismissed as preempted by the Carmack Amendment); *La. Transp. v.*

27  *Cowan Sys., LLC*, 2012 U.S. Dist. LEXIS 66294, *11-12 ("Plaintiff's state law claims

28  for… **quantum meruit** [is] covered under the scope of the Carmack Amendment"

and preempted.") (emphasis added); *Harang v. Delta Moving Servs.,* No. H-10-1953, 2011 U.S. Dist. LEXIS 29888, at *9 (S.D. Tex. Mar. 23, 2011) (Motion to dismiss was granted holding that the Carmack Amendment preempted claims of **unjust enrichment, quantum meruit**, and deceptive trade practices.").

Like above, Counts 3 and 4 should be dismissed because they are preempted by the Carmack Amendment.

> 4.   *Count 5 – Conversion is preempted by the Carmack Amendment.*

Lastly, Plaintiffs final claim for conversion is preempted by the Carmack Amendment and should be dismissed. *See White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008) ("The Carmack Amendment constitutes a complete defense to common law claims against interstate carriers for negligence, fraud and **conversion**[.]"); *Hall*, 476 F.3d at 689 ("It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms…") (emphasis added); *Bormaster v. Express Shipping Ctr., Inc.*, No. 96-17197, 1999 U.S. App. LEXIS 11051, at *5-6 (9th Cir. May 26, 1999) (quoting *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d at 613)) ("Federal law preempts any state common law action against North American acting solely as a common carrier. It is clear that the Carmack Amendment established a uniform national liability policy for interstate carriers[]"): *see also Ledet v. Across USA, Inc.*, 2024 U.S. Dist. LEXIS 88241, *15 ("Plaintiffs' claims for **conversion** and exemplary or **punitive damages** are preempted by the Carmack Amendment.") (emphasis added.); *See e.g., Certain Underwriters*, 2014 AMC at 2278-79, 762 F.3d at 335 (holding that claims for "breach of contract, negligence, [and] **conversion**" are preempted by the Carmack Amendment) (emphasis added); *Usinor Steel Corp.* 308 F. Supp. 2d at 518 (finding that the Carmack Amendment preempts "claims for breach of contract, negligence, breach of bailment and **conversion**.").

Separately, Plaintiff alleges entitlement to punitive damages for this alleged tort. Consequently, the Carmack Amendment preempts Plaintiff's claim for punitive

damages See *Ledet v. Across USA, Inc.*, 2024 U.S. Dist. LEXIS 88241, \*15 ("Plaintiffs' claims for **conversion** and exemplary or **punitive damages** are preempted by the Carmack Amendment.") (emphasis added.); *Coughlin v. United Van Lines, LLC*, No. CV 0410576 R, 2005 U.S. Dist. LEXIS 51065, at \*7 (C.D. Cal. June 22, 2005) ("this Court hereby grants United's Motion to Dismiss the…fifth ("punitive damages")…causes of action contained in Plaintiff's First Amended Complaint" as preempted by the Carmack Amendment.)

Therefore, the court should dismiss Plaintiff's allegations of conversion and claim for punitive damages as preempted by the Carmack Amendment.

## IV.    PLAINTIFF'S STATE LAW CLAIMS PLED IN CAUSES OF ACTION 1, 3-5 ARE ALSO PREEMPTED BY FAAAA

In addition to being preempted by the Carmack Amendment, all Plaintiff's state law claims (negligence, quantum meruit, unjust enrichment, conversion and punitive damages) are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1). Specifically, FAAAA prohibits state law claims "related to a price, route, or service of any motor carrier…or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Congress based Section 14501(c)(1) on virtually identical language to the Airline Deregulation Act ("ADA"), which also broadly preempts all state law claims "related to a price, route, or service of any carrier… with respect to property." 49 U.S.C. § 41713(b)(4)(A). *Rowe v. New Hampshire Motor Transport Assn.*, 552 U.S. 363, 367-68 (2008) (holding that the scope of FAAAA preemption is as broad as ADA preemption); *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226-35 (1995) (determining that ADA preempts state consumer fraud remedies); *Morales v. Trans World Airlines*, 504 U.S. 374 (1992) (finding that Congress intended ADA preemption to be very broad due in large part to the "relating to" phrase). Following these Supreme Court precedents, federal courts have determined that FAAAA

preempts state law claims when they "relate to" a motor carrier, broker, or freight forwarder's services.

Here, all Plaintiff's state law claims allege loss of goods arising from or during interstate transport, which directly relates to Empire's "services" within the meaning of 49 U.S.C. § 14501(c)(1). As such, it is well-settled law that all Plaintiff's claims alleged against Empire are also preempted by FAAAA. *See AMG Res. Corp. v. Wooster Motor Ways, Inc.*, Civ. No. 15-3716, 2019 U.S. Dist. LEXIS 6747, 2019 WL 192900, at \*4 (D.N.J. Jan. 14, 2019) (holding that claims for **conversion**, breach of the covenant of good faith and fair dealing, **negligence**, violation of the New Jersey Consumer Fraud Act, and **unjust enrichment** arising from the non-delivery of a shipment of copper were preempted by the FAAAA), aff'd, 796 F. App'x 96 (3d Cir. 2020); *Fed. Ins. Co. v. Nolan Transp. Grp., Inc.*, No. 1:15-CV-00344-CC, 2016 U.S. Dist. LEXIS 187727, 2016 WL 9000042, at \*3 (N.D. Ga. Oct. 12, 2016) ("[T]he Court finds that Plaintiff's **negligence** claim falls squarely within the scope of [Section 14501(c)(1)] and is due to be dismissed with prejudice.");*Thermal Techs., Inc. v. United Parcel Serv., Inc.*, No. 08-CV-102-GKF-FHM, 2008 U.S. Dist. LEXIS 90243, 2008 WL 4838681, at \*9 (N.D. Okla. Nov. 5, 2008) (dismissing **unjust enrichment** claim because it is preempted by the FAAAA); *Yellow Transp., Inc. v. DM Transp. Mgmt. Servs., Inc.*, No. 06DCV1517-LDD, 2006 U.S. Dist. LEXIS 51231, 2006 WL 2871745, at \*4 (E.D. Pa. July 14, 2006) (dismissing claims for **unjust enrichment, quantum meruit**, and fraud because such claims are preempted by the FAAAA, but breach of contract claim survives); *All World Prof'l Travel Servs., Inc. v. Am. Airlines, Inc.*, 282 F.Supp.2d 1161, 1169 (C.D. Cal. 2003) (finding that claims for **unjust enrichment** and declaratory and injunctive relief are preempted if the claims relate to prices or services). *Vieira v. United Parcel Service, Inc.*, 1996 WL 478686 (N.D. Cal. 1996) (court held that FAAAA preempted plaintiff's state law **negligence** and **conversion** claims against a parcel delivery company that allegedly had failed to deliver a package.); Deerskin Trading Post v. UPS of Am., 972 F. Supp. 665, 673

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

(N.D. Ga. 1997) (Plaintiff's claims for punitive damages and injunctive relief are also preempted by the FAAAA.); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir. 1996) (holding that the FAAAA preempts state law **punitive damages** because they represent an enlargement or enhancement of the parties' bargain).

Here, Plaintiff's state law claims for alleged damages (loss of cargo or goods) arising from the interstate transit directly relate to Empire's "services" within the meaning of Section 14501(c)(1). Plaintiff's Complaint includes several allegations concerning Empire's services and role as the motor carrier that transported the bikes:

- "[The] shipment was picked up by the Driver for EMPIRE NATIONAL INC. from KITZUMA Warehouse." (Doc 2. ¶ 16)
- "KITZUMA released the shipment of 131 bikes to the EMPIRE NATIONAL INC." (*Id*.)
- "Plaintiff never received the shipment of the 131 bikes by EMPIRE NATIONAL INC." (*Id*. at ¶18.)
- "Defendants . . . unlawful conduct caused or contributed to the theft of 131 bikes while being transported to Plaintiff and converted in transit." (*Id*. at ¶ 30.)
- "As a result of the unfair and tortuous acts of Defendants…Plaintiff has been deprived of its ability to optimize his investment…directly the result of Bike Shipment Theft." (*Id*. ¶ 34.)

Because each of these allegations refers to Empire's services as a motor carrier, the FAAAA statute's preemption provisions justify the dismissal of Counts 1, 3-5 as pled against Empire.

## CONCLUSION

For the foregoing reasons, Empire requests the Court dismiss the Complaint in its entirety because the Carmack Amendment and FAAAA preempts all Plaintiff's state law claims.

1

2 DATED:  October 18, 2024

3                                  **HUSCH BLACKWELL LLP**

4

5

6                        By:        */s/ Andrew B. Kleiner*
                                     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
7                                    ANDREW B. KLEINER
                                     *Attorneys for Defendant Empire*
8                                    *National, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

## <u>Certificate of Compliance</u>

The undersigned, counsel of record for Defendant Empire National, Inc., certifies that this brief contains 4683 words, which complies with the type-volume limitation of L.R. 11-6.1.


DATED:  October 18, 2024

**HUSCH BLACKWELL LLP**



By:      */s/ Andrew B. Kleiner*
         ANDREW B. KLEINER

DEFENDANT EMPIRE NATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

I hereby certify that on the 18th day of October 2024, I electronically filed:

**DEFENDANT EMPIRE NATIONAL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6** ) with the Clerk of the Court using the ECF system.

The ECF system will send notification of such filing to:

Richard L. Grant, Esq.
GRANT LAW, A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine, CA 92618
rgrant@grantlawca.com


                                    /s/ Andrew B. Kleiner
                                    ANDREW B. KLEINER

CERTIFICATE OF SERVICE