RICHARD L. GRANT, CALIFORNIA STATE BAR NO. 093351
GRANT LAW, A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine, Ca. 92618
Tel. 949-379-7172
Fax. 949-379-7192
Email: rgrant@grantlawca.com

Attorneys for Plaintiff:
VACATION BIKE RENTALS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACATIONAL BIKE RENTALS, LLC, A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KITZUMA CORPORATION, A CORPORATION, DBA KITZUMA CYCLING LOGISTICS; BIKEEXCHANGE LIMITED, AN AUSTRALIAN COMPANY, DBA KITZUMA CORPORATION AND KITZUMA CYCLING LOGISTICS; GETCARRIER, LLC, A LIMITED LIABILITY COMPANY; AND EMPIRE NATIONAL, INC., A CORPORATION.<br><br>Defendants. | Case No.: 2:24-cv-07105-CAS-MAA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Carmack Amendment (49 U.S.C. § 14706) Liability And Damages<br>2. Breach of Contract (Carmack Amendment)<br><br>**PRINCIPAL AMOUNT:** $350,000.00<br><br>**PLAINTIFF'S DEMAND FOR JURY TRIAL** |

Comes Now, VACATIONAL BIKE RENTALS, LLC, hereafter "Plaintiff", for causes of action against Defendants KITZUMA CORPORATION, DBA KITZUMA CYCLING LOGISTICS; BIKEEXCHANGE LIMITED, AN AUSTRALIAN COMPANY, DBA KITZUMA CORPORATION AND KITZUMA CYCLING LOGISTICS; GETCARRIER, LLC; and EMPIRE NATIONAL, INC. as follows:

**PARTIES**

1. Plaintiff is a California Limited Liability Company with Headquarters maintained in Mill Valley, California. At all times herein, Plaintiff operated and operates a vacation bike rentals, delivery, and bike sales company.

2. Defendant KITZUMA CORPORATION is A CORPORATION, DBA KITZUMA CYCLING LOGISTICS, hereafter KITZUMA with its principal place of business in Asheville, NC. Defendant KITZUMA herein is domiciled in the state of North Carolina and also a citizen of North Carolina. At all times mentioned herein, KITZUMA operated a warehouse facility to serve the Cycling Logistics industry.

3. Defendant BIKEEXCHANGE LIMITED is an Australia Company, DBA KITZUMA CORPORATION AND KITZUMA CYCLING LOGISTICS, hereafter BIKEEXCHANGE. At all times mentioned herein, BIKEEXCHANGE owns KITZUMA CORPORATION AND KITZUMA CYCLING LOGISTICS and operates globally in Australia, Europe, and North America serving the Cycling Industry.

4. Defendant GETCARRIER LLC, hereafter GCARRIER, is a Limited Liability Company, with its principal place of business in Dover, DE. Based on information and belief, it is thereon alleged that GCARRIER has and is conducting business as a Transportation Property Broker in ALL OF THE 50 States, including the state of Delaware and this judicial district. Defendant herein is domiciled and citizen in and of the state of Delaware.

5. Defendant EMPIRE NATIONAL, INC, hereafter EMPIRE, is a corporation, with its principal place of business in Fletcher,

NC. Based on information and belief, it is thereon alleged that EMPIRE has and is conducting its Motor Carrier business in ALL OF THE 50 States, including the state of North Carolina and this judicial district. Defendant herein is domiciled in the state of North Carolina as well as a citizen of North Carolina.

6. The Plaintiff reserves the right to amend and add additional defendants upon discovery of such parties.

## JURISDICTION AND VENUE

7. This judicial district is the proper venue for this action because the Plaintiff, Vacation Bike Rentals LLC, is a Limited Liability Company incorporated in California, with its principal place of business located in Mill Valley, California. As such, the Plaintiff is considered a California citizen under 28 U.S.C. § 1391(b). Vacation Bike Rentals LLC is a single-member LLC, with its sole member and managing officer, Dave McLaughlin, also residing in California, further establishing California citizenship. Additionally, venue is proper in this district because Plaintiff's property, consisting of 131 purchased bicycles, was converted and stolen while in transit in San Fernando, California, within the County of Los Angeles. Since the incident occurred within this district, venue is proper under 28 U.S.C. § 1391(b).

8. This Court has both personal and subject matter jurisdiction over the Defendant due to the diversity of citizenship between the Plaintiff and Defendant, pursuant to 28 U.S.C. § 1332. This Court also has jurisdiction under the Carmack Amendment (49 U.S.C. § 14706), which governs motor carrier liability for damages to goods during interstate

transport, thus conferring federal jurisdiction for claims arising from such incidents.

9. Plaintiff brings this action based on diversity of citizenship between the Plaintiff and Defendants, with the amount in controversy exceeding $75,000, thereby establishing federal jurisdiction pursuant to 28 U.S.C. § 1332(a).

10. Plaintiff further brings claims against the Defendant under the Carmack Amendment, 49 U.S.C. § 14706, which provides federal question jurisdiction to this Court regarding liability for damage to goods in domestic shipments and damages incurred during interstate transportation.

11. Venue is proper pursuant to 49 U.S.C. § 14706(d) on the ground that defendants and each of them conduct business/operate in this judicial district and on the further ground that the transportation services on which this action is based were performed, in part, in this judicial district

### FIRST CAUSE OF ACTION

**(Carmack Amendment Liability Against All Defendants)**

12. Plaintiff incorporates paragraphs 1-11 by reference.

13. Under the Carmack Amendment (49 U.S.C. § 14706), Defendants, as warehouse facility, motor carriers, and brokers, are liable for the actual loss or injury to Plaintiff's property during transit.

14. As a result, they failure to ensure the safe delivery of Plaintiff's bikes, Defendants are liable for Plaintiff's total losses in the amount of $350,000 or such other sum proven at trial.

## SECOND CAUSE OF ACTION

## (Breach of Contract Against All Defendants)

15. Plaintiff incorporates paragraphs 1-13 by reference.

16. On or about May 2024, Plaintiff purchased 131 bikes from Econic One for $75,000 who warehoused the subject bikes at Defendant KITZUMA Warehouse facility, Asheville, NC.

16. Defendant KITZUMA had a contractual obligation and duty of care to Plaintiff not to release the subject 131 bikes to anyone other than Plaintiff or Plaintiff's agent or transportation representative.

17. Subsequent to May 2024, Plaintiff arranged for the transportation of the shipment of the 131 bikes from KITZUMA Warehouse to plaintiff located in Sausalito, California. The plaintiff engaged Defendant Transportation Broker GCARRIER to arrange for the shipment and the delivery motor carrier. Defendant GCARRIER had a contractual obligation and duty of care to Plaintiff to make sure that they brokered the load to a reputable and reliable Motor Carrier to assure Plaintiff's property would arrive at the designated destination, to wit: Sausalito, California. GETCARRIER breached the contract and its duty of care by failing to ensure secure and lawful transportation, leading to unauthorized rebooking and subsequent theft.

18. On or about May 10, 2024, the shipment was picked up by the Driver for EMPIRE NATIONAL INC. from KITZUMA Warehouse. The Driver did not have a paper generated Bill of Lading Document for KITZUMA Warehouse. Defendant KITZUMA released the shipment

of 131 bikes to the EMPIRE NATIONAL INC. based upon the Driver's Text Message. The Text Message did not contain the PLAINTIFF'S NAME or any other Receiver's Name and the incorrect delivery address of Ontario, California for the Plaintiff. The warehouse manager for KITZUMA created a formal Bill of Lading which also had the incorrect Ontario, California delivery address of the Plaintiff.

19. Before KITZUMA released the shipment to the Driver for EMPIRE NATIONAL INC, neither the Warehouse Manager or any representative of KITZUMA verified any of the information in the Text provided. Most importantly, plaintiff was never contacted by KITZUMA prior to and regarding the release of the shipment to the Driver of EMPIRE NATIONAL INC. nor verified with Plaintiff the correct delivery address of Sausalito, California.

20. Subsequent to the pickup of the shipment of bikes of May 10, 2024, and prior to the delivery date of May 15, 2024, Plaintiff never received the shipment of the 131 bikes by EMPIRE NATIONAL INC. or any motor carrier. Thereafter, Plaintiff determined the bikes were stolen in transit and converted in San Fernando, California, County Of Los Angeles. Thereafter, Plaintiff reported the 131 bikes stolen to various law enforcement agencies who did not locate or recover the stolen bikes.

21. As a direct result, Plaintiff incurred losses totaling approximately $350,000 or any other sum proven at trial, including the bike value and associated lost income.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

22. Compensatory Damages: $350,000 under the Carmack Amendment or such other sum proven at trial; and

23. Pre- and Post-Judgment Interest: Maximum legal rate allowed on all amounts awarded.

24. Attorney Fees and Costs: All recoverable costs incurred in pursuing this action.

25. Other Relief: Any additional relief this Court deems just and proper.

**GRANT LAW**

Dated: 11-15-2024

By: *[signature]*
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF
VACATION BIKE RENTALS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024. A true and correct copy of the foregoing **Plaintiff's First Amended Complaint** was served via Court's CM/ECF System, which will send notice of said herein filings to all Counsel and all parties not represented by Counsel.

_____
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF
VACATION BIKE RENTALS, LLC