**HUSCH BLACKWELL LLP**
ANDREW B. KLEINER, SB# 276737
E-Mail: Andy.Kleiner@huschblackwell.com
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7885
Facsimile: 480.824.7905
*Attorneys for Empire National, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACATIONAL BIKE RENTALS, LLC, A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KITZUMA CORPORATION, A CORPORATION, DBA KITZUMA CYCLING LOGISTICS; GETCARRIER, LLC, A LIMITED LIABILITY COMPANY; SPEED EXPRESS, INC., A CORPORATION; EMPIRE NATIONAL, INC., A CORPORATION<br><br>Defendants. | Case No.: 2:24-cv-07105 CAS<br><br>**DEFENDANT EMPIRE NATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**Hearing Date:**<br><br>Judge Christina A. Snyder |

Defendant Empire National, Inc. ("Defendant")

**PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the First Amended Complaint, and therefore denies them.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the First Amended Complaint, and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief

1  about the truth of the allegations contained in paragraph 3 of the First Amended Complaint, and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the First Amended Complaint, and therefore denies them.

5. Defendant admits that it is a corporation based in Fletcher, NC and has federal motor carrier operating authority throughout the United States, as to all other allegations of Paragraph 5 Defendant denies the same.

6. Answering paragraph 6 of the First Amended Complaint, this paragraph contains no factual allegations, to the extend a response is required Defendant denies the same.

## JURISDICTION AND VENUE

7. Answering paragraph 7 of the First Amended Complaint, Defendant does not contest venue in the Central District of California, as to all remaining allegations Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

8. Answering paragraph 8 of the First Amended Complaint, Defendant does not contest subject matter jurisdiction, as to all remaining allegations Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

9. Answering paragraph 9 of the First Amended Complaint, Defendant does not contest subject matter jurisdiction, as to all remaining allegations Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

10. Answering paragraph 10 of the First Amended Complaint, Defendant does not contest subject matter jurisdiction and admits that the Carmack Amendment is Plaintiff's exclusive remedy in this action.

11. Answering paragraph 11 of the First Amended Complaint, Defendant

does not contest venue in the Central District of California.

## FIRST CAUSE OF ACTION

### (Carmack Amendment Liability Against All Defendants)

12. Answering paragraph 12 of the First Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein

13. Defendant denies the allegations contained in paragraph 13 of the First Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

15. Answering paragraph 15 of the First Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein

16. Pursuant to Plaintiff's Request for Dismissal (Doc. 22) filed on December 13, 2024, this cause of action is dismissed against Defendant Empire and therefore not alleged against Defendant, to the extent a response is required Defendant denies the allegations in Paragraph 16 (both of them) of the First Amended Complaint.

17. Pursuant to Plaintiff's Request for Dismissal (Doc. 22) filed on December 13, 2024, this cause of action is dismissed against Defendant Empire and therefore not alleged against Defendant, to the extent a response is required Defendant denies the allegations in Paragraph 17 of the First Amended Complaint.

18. Pursuant to Plaintiff's Request for Dismissal (Doc. 22) filed on December 13, 2024, this cause of action is dismissed against Defendant Empire and therefore not alleged against Defendant, to the extent a response is required Defendant denies the allegations in Paragraph 18 of the First Amended Complaint.

19. Pursuant to Plaintiff's Request for Dismissal (Doc. 22) filed on December 13, 2024, this cause of action is dismissed against Defendant Empire and therefore not alleged against Defendant, to the extent a response is required Defendant

denies the allegations in Paragraph 19 of the First Amended Complaint.

20. Pursuant to Plaintiff's Request for Dismissal (Doc. 22) filed on December 13, 2024, this cause of action is dismissed against Defendant Empire and therefore not alleged against Defendant, to the extent a response is required Defendant denies the allegations in Paragraph 20 of the First Amended Complaint.

21. Pursuant to Plaintiff's Request for Dismissal (Doc. 22) filed on December 13, 2024, this cause of action is dismissed against Defendant Empire and therefore not alleged against Defendant, to the extent a response is required Defendant denies the allegations in Paragraph 21 of the First Amended Complaint.

## PRAYER FOR RELIEF

22. Defendant denies the allegations contained in paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the First Amended Complaint.

## GENERAL DENIAL/ AFFIRMATIVE DEFENSES

1. Except as expressly admitted above, Defendant denies every allegation contained in the First Amended Complaint.

2. Defendant denies all allegations and requests for relief in the "PRAYER" clause of the First Amended Complaint.

3. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's claims fail to the extent it lacks standing or is otherwise not the real party in interest regarding their claims for damages as alleged in the First Amended Complaint.

5.  Plaintiff's claims fail to the extent it failed to mitigate it's damages.

6.  Plaintiff's alleged damages were not caused by Defendant's negligence but were caused by (a) an act of God; (b) the public enemy; (c) the act of the shipper or shipper's agent; (d) public authority; or (e) the inherent vice or nature of the goods in question.

7.  Plaintiff's damages, if any, were due to the fault of the shipper or shipper's agent and are not attributable to any act, conduct, or omission of Defendant.

8.  Plaintiff's damages, if any, were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendant had no control and for which Defendant is not liable. In the event any fault is attributed to Defendant with regard to Plaintiff's alleged damages, which are denied, any recovery against Defendant must be reduced and limited by the comparative fault of such other persons or entities.

9.  Plaintiff failed to meet its burden of proof.

10. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

11. Plaintiff's damages, if any, were the result of independent, intervening, or superseding causes unrelated to any of Defendant's conduct.

12. Defendant could not foresee the Cargo would be stolen by unknown third-party criminals and therefore has no liability.

13. Plaintiff's claims for damages are barred or subject to reduction to the extent such damages were compensated by collateral sources.

14. The shipment referenced in the First Amended Complaint was subject to the terms, conditions, exceptions, defenses, limitations, and limitations of liability of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, et seq. If any loss or damage resulted to the shipment as alleged in the First Amended Complaint, which is denied, Defendant is not liable, or in the alternative, Defendant's liability is limited by virtue of COGSA and/or other applicable legislation.

15. The allegations in the First Amended Complaint are also governed by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501 (also known as the FAAAA).

16. The shipment referenced in the First Amended Complaint was subject to the terms, conditions, exceptions, defenses, limitations, and limitations of liability available under applicable bill(s) of lading, seaway bill(s), contract(s) of carriage, booking note(s), tariff(s), service contract(s), contract(s) of affreightment or items of a similar nature, including the right to subcontract on any terms or the right to limit liability to a sum certain.

17. Plaintiff's alleged damages are too speculative and remote and therefore cannot be recovered.

18. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to join all necessary and indispensable parties.

19. Plaintiff is not entitled to some, or all of the relief requested.

20. Defendant has no liability to Plaintiff because it delivered the Cargo in good condition per the shipping instructions and documents provided by Kitzuma.

21. Defendant has no liability to Plaintiff because Kitzuma was acting as Plaintiff's agent, and knew or should have known that Defendant may not have had proper shipping documents, such that Kitzuma's negligence was the proximate cause of Plaintiff's alleged losses.

22. Defendant states that there may be additional facts or circumstances to be discovered that may substantiate one or more affirmative defenses under Fed. R. Civ. P. 8(c). Defendant incorporates all such affirmative defenses herein and will seek leave of the Court to amend this Answer and specifically state such affirmative defenses as they become known.

DATED: February 24, 2025    **HUSCH BLACKWELL LLP**

By: */s/ Andrew B. Kleiner*
ANDREW B. KLEINER
*Attorneys for Defendant Empire National, Inc.*

I hereby certify that on the 1st day of February 24, 2025, I electronically filed:

**DEFENDANT EMPIRE NATIONAL, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system.

The ECF system will send notification of such filing to:

Richard L. Grant, Esq.
GRANT LAW, A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine, CA 92618
rgrant@grantlawca.com

*/s/ Andrew B. Kleiner*
ANDREW B. KLEINER