RICHARD L. GRANT, CALIFORNIA STATE BAR NO. 093351
GRANT LAW, A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine, CA 92618
Tel. 949-379-7172
Fax. 949-379-7192
Email : rgrant@grantlawca.com
Attorneys for Plaintiff:
VACATION BIKE RENTALS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACATION BIKE RENTALS, LLC, A LIMITED LIABILITY COMPANY,<br><br>            Plaintiff,<br><br>     vs.<br><br>KITZUMA CORPORATION, A CORPORATION, DBA KITZUMA CYCLING LOGISTICS; BIKEEXCHANGE LIMITED, AN AUSTRALIAN COMPANY, DBA KITZUMA CORPORATION AND KITZUMA CYCLING LOGISTICS. GETCARRIER, LLC, A LIMITED LIABILITY COMPANY; AND EMPIRE NATIONAL, INC., A CORPORATION.<br><br>            Defendants. | Case No.: 2:24-cv-07105-CAS-MAA<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **BREACH OF CONTRACT**<br>2. **NEGLIGENCE**<br>3. **COMMON CARRIER LIABILITY AND THE CARMACK AMENDMENT**<br>4. **UNJUST ENRICHMENT**<br>5. **NEGLIGENT TRANSPORTATION AND HANDLING**<br>6. **NEGLIGENT ENTRUSTMENT**<br><br><u>**PRINCIPAL AMOUNT**</u>:   $350,000.00<br><br><u>**PLAINTIFF'S DEMAND FOR JURY TRIAL**</u> |

1
SECOND AMENDED COMPLAINT FOR DAMAGES

Comes now, Vacation Bike Rentals, LLC ("Plaintiff"), and for causes of action against Defendants Kitzuma Corporation, Doing Business as Kitzuma Cycling Logistics; Bikeexchange Limited, an Australian Company, doing business as Kitzuma Corporation and Kitzuma Cycling Logistics; Getcarrier LLC; And Empire National, Inc., alleges as follows:

This action arises from the mismanagement and loss of a valuable shipment entrusted by Plaintiff Vacation Bike Rentals, LLC, to Defendants for interstate delivery. In May 2024, Plaintiff purchased 131 e-bikes valued at $75,000.00 and contracted with certain Defendants to arrange for the safe transport of the shipment from Asheville, North Carolina, to Sausalito, California. Despite this agreement, Defendants failed to exercise reasonable care in the release and handling of the shipment, resulting in its theft. This lawsuit seeks damages and equitable relief based on the Defendants' Contractual Breaches, Negligence, Carmack Amendment, and Unlawful Business Practices.

## PARTIES

1. Plaintiff is a California Limited Liability Company with its principal office located in Mill Valley, California. At all times mentioned herein, Plaintiff operated and continues to operate the vacation bike rentals, delivery, and bicycle sales business.

2. Defendant KITZUMA CORPORATION is a corporation doing business as KITZUMA CYCLING LOGISTICS ("Kitzuma"), with its principal place of business in Asheville, North Carolina. Defendant Kitzuma is domiciled and a citizen of the State of

North Carolina. At all times mentioned herein, Kitzuma operated a warehouse facility serving the cycling logistics industry.

3. Defendant BIKEEXCHANGE LIMITED is an Australian company doing business as KITZUMA CORPORATION and KITZUMA CYCLING LOGISTICS ("BikeExchange"). At all times mentioned herein, BikeExchange owned and operated Kitzuma Corporation and Kitzuma Cycling Logistics, conducting business globally in Australia, Europe, and North America, including within this judicial district.

4. Defendant GETCARRIER LLC ("GetCarrier") is a limited liability company with its principal place of business in Dover, Delaware. Upon information and belief, GetCarrier operates as a transportation property broker in all fifty states, including California. GetCarrier is domiciled in and is a citizen of the State of Delaware.

5. Defendant EMPIRE NATIONAL, INC. ("Empire") is a corporation with its principal place of business in Fletcher, North Carolina. Upon information and belief, Empire conducts business as a motor carrier in all fifty states, including the State of California and this judicial district. Empire is domiciled in and a citizen of the State of North Carolina.

6. The complete true names and capacities of individuals and entities are unknown to Plaintiff, who will amend this Complaint to insert the true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

7. This judicial district is the proper venue for this action because Plaintiff, Vacation Bike Rentals LLC, is a Limited Liability Company incorporated in California, with its principal location of business is located in Mill Valley, California. The plaintiff is a citizen of California under applicable federal law. Vacation Bike Rentals LLC is a single-member LLC, with its sole member and managing officer, Dave McLaughlin, also residing in California, further confirming California citizenship. Additionally, the venue is proper in this district because Plaintiff's property, consisting of 131 purchased bicycles, was converted and stolen while in transit in San Fernando, California, within the County of Los Angeles. Accordingly, venue is proper under 28 U.S.C. § 1391(b)(2).

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Vacation Bike Rentals, LLC is a citizen of California, and Defendants are citizens of Delaware, North Carolina, and Australia. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, including the misdelivery and theft of Plaintiff's shipment in San Fernando, California.

9. This Court may exercise general personal jurisdiction over Defendants to the extent they maintain continuous and systematic business contacts with California

10. Additionally, this Court has specific personal jurisdiction over Defendants because Plaintiff's claims arise out of or relate to Defendants' contacts with the State of California. Defendants purposefully directed activities toward California by contracting to arrange, transport, or manage a shipment destined for California. The theft and loss of Plaintiff's property occurred within this judicial district, and Defendants knew or reasonably should have known that California was the intended delivery point and site of injury.

### FIRST CAUSE OF ACTION-BREACH OF CONTRACT
### (Against Defendant GETCARRIER, LLC)

11. Plaintiff incorporates paragraphs 1-10 by reference.

12. On or about May 2024, Plaintiff purchased 131 bikes for $75,000. Plaintiff entered into valid and enforceable agreement(s) and/or arrangements with Defendant GetCarrier LLC, regarding the pickup, interstate transportation, and safe delivery of Plaintiff's shipment of 131 bicycles, Plaintiff fully performed its obligations under the agreements by purchasing the goods, paying for transportation, and preparing the shipment for pickup. GetCarrier brokered the shipment, which was allegedly re-brokered—without Plaintiff's knowledge or consent—to another entity. The bikes were never delivered to the intended destination in Sausalito, CA. Instead, they were rerouted to Ontario and San Fernando, CA, where they were unloaded into two box trucks and stolen.

13. Defendant GETCARRIER, LLC breached its contractual obligations by failing to ensure the shipment was securely and properly transported, and by permitting the release of the shipment to an unverified party who diverted and ultimately caused the loss of the goods.

14. As a direct and proximate result of the Defendants' breach of contract, Plaintiff suffered damages in an amount of more than $75,000. As a direct and proximate result of the breach, Plaintiff suffered damages in an amount in excess of $75,000, and that sum will be proven at trial.

## SECOND CAUSE OF ACTION – NEGLIGENCE
**(Against All Defendants Except Defendant Empire National, Inc.)**

15. Plaintiff incorporates paragraphs 1-14 by reference

16. Defendants herein owed Plaintiff a duty of reasonable care in arranging, handling, releasing, and transporting valuable cargo. Defendants herein breached that duty by failing to verify driver identity, check the legitimacy of shipping documents, and protect against unauthorized re-brokering or diversion.

17. As a direct and proximate result of the herein Defendants' Negligence, Plaintiff's shipment was stolen, resulting in substantial damage exceeding $75,000.00, and that sum to be proven at the trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

### (Against All Defendants Except Defendant Empire National, Inc.)

30. Plaintiff incorporates paragraphs 1-29 by reference

31. Defendants, and each of them, negligently entrusted the transportation of Plaintiff's valuable shipment to an individual or entity whom they knew or, in the exercise of reasonable care, should have known, was unfit, incompetent, unqualified, or inadequately vetted to perform the transportation services in a safe, secure, and lawful manner.

32. Defendants failed to undertake reasonable measures to verify the qualifications, legal authority, fitness, and identity of the person or entity to whom they entrusted possession and control of the shipment.

33. As a direct and proximate result of said negligent entrustment, the entrusted party misdelivered and/or failed to safeguard the shipment, resulting in its theft and causing Plaintiff to suffer financial damages exceeding in the amount of $75,000.00, or such other amount as may be proven at trial.

///

///

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally as permitted by law, as follows:

**As to Defendant Empire National, Inc. only (Carmack Amendment claim):**

1. Actual Damages: For recovery of the actual loss or injury to goods transported in interstate commerce, pursuant to the Carmack Amendment, 49 U.S.C. § 14706, including but not limited to:

   a. The full replacement value of the 131 lost e-bikes; and

   b. Other actual transportation-related losses proven at time of trial;

2. Pre-Judgment and Post-Judgment Interest: Pursuant to U.S.C. § 1961 and applicable federal law.

3. Such other and further relief as the Court deems just and proper under the Carmack Amendment.

**As to all other Defendants (Except Empire National):**

1. Compensatory Damages: For general and special damages in amount exceeding $350,000, or according to proof at trial, including but not limited to:

   a. Lost profits and business interruption damages;

   b. Any other contract or tort-based damages allowed under California law;

2. Restitution and Disgorgement: For all benefits unjustly retained by Defendants as a result of their wrongful conduct, where such remedy is available under law or equity;

3. Punitive and Exemplary Damages: Where authorized by law and solely in connection with Plaintiff's tort-based claims, for willful misconduct and conscious disregard of Plaintiff's rights;

4. Attorneys' Fees and Costs: As permitted by applicable California law, equitable doctrine, or contractual agreement.

5. Pre-Judgment and Post-Judgment Interest:

    a. As permitted under California Civil Code §§ 3287-3289; and

    b. Any other applicable authority under state law;

6. Such other and further relief as the Court deems just and proper.

Dated: 9/1/25

**GRANT LAW**

By: /s/ Richard L. Grant
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF
VACATION BIKE RENTALS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on ~~July 11~~ Sept. 2, 2025, A true and correct copy of the foregoing Plaintiff's Second Amended Complaint was served via the Court's CM/ECF System, which will send notice of said herein filings to all Counsel and all parties not represented by Counsel.

_____
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF
VACATION BIKE RENTALS, LLC