**HUSCH BLACKWELL LLP**
ANDREW B. KLEINER, SB# 276737
E-Mail: Andy.Kleiner@huschblackwell.com
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7885
Facsimile: 480.824.7905
*Attorneys for Empire National, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACATIONAL BIKE RENTALS, LLC, A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KITZUMA CORPORATION, A CORPORATION, DBA KITZUMA CYCLING LOGISTICS; GETCARRIER, LLC, A LIMITED LIABILITY COMPANY; SPEED EXPRESS, INC., A CORPORATION; EMPIRE NATIONAL, INC., A CORPORATION<br><br>Defendants. | Case No.: 2:24-cv-07105 CAS-MAA<br><br>**DEFENDANT EMPIRE NATIONAL, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>Judge Christina A. Snyder |

Defendant Empire National, Inc. ("Defendant")

**PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Second Amended Complaint, and therefore denies them.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Second Amended Complaint, and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations contained in paragraph 3 of the Second Amended Complaint, and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Second Amended Complaint, and therefore denies them.

5. Defendant admits that it is a corporation based in Fletcher, NC and has federal motor carrier operating authority throughout the United States, as to all other allegations of Paragraph 5 Defendant denies the same.

6. Answering paragraph 6 of the Second Amended Complaint, this paragraph contains no factual allegations, to the extent a response is required Defendant denies the same.

## JURISDICTION AND VENUE

7. Answering paragraph 7 of the Second Amended Complaint, Defendant does not contest venue in the Central District of California, as to all remaining allegations Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

8. Answering paragraph 8 of the Second Amended Complaint, Defendant does not contest subject matter jurisdiction, as to all remaining allegations Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

9. Answering paragraph 9 of the Second Amended Complaint, Defendant does not contest subject matter jurisdiction, as to all remaining allegations Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

10. Answering paragraph 10 of the Second Amended Complaint, Defendant does not contest subject matter jurisdiction.

/ / /

/ / /

## FIRST CAUSE OF ACTION

## (Breach of Contract Against GetCarrier, LLC)

11. Answering paragraph 11 of the Second Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein

12. Defendant denies the allegations contained in paragraph 12 of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

13. Defendant denies the allegations contained in paragraph 13 of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

14. Defendant denies the allegations contained in paragraph 14 of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

## SECOND CAUSE OF ACTION

## (Negligence Against All Defendants Except Defendant Empire National, Inc.)

15. Answering paragraph 15 of the Second Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein

16. Defendant denies the allegations contained in paragraph 16 of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

17. Defendant denies the allegations contained in paragraph 17 of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

/ / /

/ / /

/ / /

/ / /

# THIRD CAUSE OF ACTION

## (Common Carrier Liability under the Carmack Amendment Against Empire National, Inc.)

18. Answering paragraph 18 of the Second Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein

19. Defendant admits the allegations contained in paragraph 19 of the Second Amended Complaint but denies any liability.

20. Defendant denies the allegations in Paragraph 20 of the Second Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Second Amended Complaint.

# FOURTH CAUSE OF ACTION

## (Unjust Enrichment Against All Defendants Except Defendant Empire National, Inc.)

24. Answering paragraph 24 (erroneously and doubly labeled 23) of the Second Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein

25. Defendant denies the allegations contained in paragraph 25 (erroneously labeled 24) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

26. Defendant denies the allegations contained in paragraph 26 (erroneously labeled 25) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

27. Defendant denies the allegations contained in paragraph 27 (erroneously labeled 26) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

### FIFTH CAUSE OF ACTION

### (Negligent Transportation and Handling Against All Defendants Except Defendant Empire National, Inc.)

28. Answering paragraph 28 (erroneously labeled 27) of the Second Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein.

29. Defendant denies the allegations contained in paragraph 29 (erroneously labeled 28) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

30. Defendant denies the allegations contained in paragraph 30 (erroneously labeled 29) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

31. Defendant denies the allegations contained in paragraph 31 (erroneously labeled 30) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

### FIFTH CAUSE OF ACTION

### (Negligent Transportation and Handling Against All Defendants Except Defendant Empire National, Inc.)

32. Answering paragraph 32 (erroneously and doubly labeled 30) of the Second Amended Complaint, Defendant incorporates the foregoing paragraphs as though fully set forth herein.

33. Defendant denies the allegations contained in paragraph 33 (erroneously labeled 31) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

34. Defendant denies the allegations contained in paragraph 34 (erroneously

labeled 32) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

35. Defendant denies the allegations contained in paragraph 35 (erroneously labeled 32) of the Second Amended Complaint as this cause of action is not pled or directed at Defendant.

### PRAYER FOR RELIEF

1. Defendant denies the allegations and prayers for relief contained in paragraphs 1-6 of the Second Amended Complaint "Prayer for Relief."

### GENERAL DENIAL/ AFFIRMATIVE DEFENSES

1. Except as expressly admitted above, Defendant denies every allegation contained in the Second Amended Complaint.

2. Defendant denies all allegations and requests for relief in the "PRAYER" clause of the Second Amended Complaint.

3. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's claims fail to the extent it lacks standing or is otherwise not the real party in interest regarding their claims for damages as alleged in the Second Amended Complaint.

5. Plaintiff's claims fail to the extent it failed to mitigate its damages.

6. Plaintiff's alleged damages were not caused by Defendant's negligence but were caused by (a) an act of God; (b) the public enemy; (c) the act of the shipper or shipper's agent; (d) public authority; or (e) the inherent vice or nature of the goods in question.

7. Plaintiff's damages, if any, were due to the fault of the shipper or shipper's agent and are not attributable to any act, conduct, or omission of Defendant.

8. Plaintiff's damages, if any, were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendant had no control and for which Defendant is not liable. In the event any fault is attributed to Defendant

with regard to Plaintiff's alleged damages, which are denied, any recovery against Defendant must be reduced and limited by the comparative fault of such other persons or entities.

9. Plaintiff failed to meet its burden of proof.

10. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

11. Plaintiff's damages, if any, were the result of independent, intervening, or superseding causes unrelated to any of Defendant's conduct.

12. Defendant could not foresee the Cargo would be stolen by unknown third-party criminals and therefore has no liability.

13. Plaintiff's claims for damages are barred or subject to reduction to the extent such damages were compensated by collateral sources.

14. The allegations in the Second Amended Complaint are also governed by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501 (also known as the FAAAA).

15. The shipment referenced in the Second Amended Complaint was subject to the terms, conditions, exceptions, defenses, limitations, and limitations of liability available under applicable bill(s) of lading, seaway bill(s), contract(s) of carriage, booking note(s), tariff(s), service contract(s), contract(s) of affreightment or items of a similar nature, including the right to subcontract on any terms or the right to limit liability to a sum certain.

16. Plaintiff's alleged damages are too speculative and remote and therefore cannot be recovered.

17. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to join all necessary and indispensable parties.

18. Plaintiff is not entitled to some, or all of the relief requested.

19. Defendant has no liability to Plaintiff because it delivered the Cargo in good condition per the shipping instructions and documents provided by Kitzuma.

20. Defendant has no liability to Plaintiff because Kitzuma was acting as Plaintiff's agent, and knew or should have known that Defendant may not have had proper shipping documents, such that Kitzuma's negligence was the proximate cause of Plaintiff's alleged losses.

21. Defendant states that there may be additional facts or circumstances to be discovered that may substantiate one or more affirmative defenses under Fed. R. Civ. P. 8(c). Defendant incorporates all such affirmative defenses herein and will seek leave of the Court to amend this Answer and specifically state such affirmative defenses as they become known.

DATED: October 14, 2025        **HUSCH BLACKWELL LLP**

By:   */s/ Andrew B. Kleiner*
      ANDREW B. KLEINER
      *Attorneys for Defendant Empire National, Inc.*

1. I hereby certify that on the 1st day of October 14, 2025, I electronically filed:

**DEFENDANT EMPIRE NATIONAL, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT** with the Clerk of the Court using the ECF system.

The ECF system will send notification of such filing to:

Richard L. Grant, Esq.
GRANT LAW, A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine, CA 92618
rgrant@grantlawca.com

                                                 */s/ Andrew B. Kleiner*
                                                 ANDREW B. KLEINER