UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS KITZUMA AND BIKEEXCHANGE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) (Dkt. 49, filed on November 24, 2025)

## I.      INTRODUCTION

On August 22, 2024, plaintiff Vacational Bike Rentals LLC ("Plaintiff") filed this complaint against defendants Kitzuma Corporation dba Kitzuma Cycling Logistics ("Kitzuma"), GetCarrier, LLC ("GetCarrier"), Speed Express, Inc. ("Speed Express"), Empire National, Inc. ("Empire"), and BikeExchange Limited ("Bikeexchange") (collectively, "Defendants"). Dkt. 1 ("Compl.").

On November 5, 2024, the Court granted plaintiff leave to amend to file a first amended complaint. Dkt. 19. On November 15, 2024, plaintiff filed its first amended complaint. Dkt. 21.

On July 14, 2025, the Court granted the parties' stipulation granting plaintiff leave to file its second amended complaint. Dkt. 37.

On September 28, 2025, plaintiff filed its operative second amended complaint. Dkt. 43 ("SAC").[1] The SAC asserts six claims for relief: (1) breach of contract, against

---

[1] It appears that on September 1, 2025, plaintiff filed a document titled "Second Amended Complaint." Dkt. 40. However, plaintiff appears to have inadvertently omitted pages 7-8 of this document (dkt. 40) that plaintiff included when it filed docket 43. Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                           'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Getcarrier; (2) negligence, against Kitzuma, GetCarrier, Speed Express, and BikeExchange; (3) common carrier liability and the Carmack Amendment, against Empire; (4) unjust enrichment, against Kitzuma, GetCarrier, Speed Express, and BikeExchange; (5) negligent transportation and handling, against Kitzuma, GetCarrier, Speed Express, and BikeExchange; and (6) negligence entrustment, against Kitzuma, GetCarrier, Speed Express, and BikeExchange.

On November 24, 2025[4], Kitzuma and BikeExchange filed the instant motion to dismiss plaintiff's claims against them. Dkt. 49 ("Mot."). On December 15, 2025, plaintiff filed an opposition. Dkt. 51 ("Opp"). On December 22, 2025, Kitzuma filed a reply. Dkt. 53 ("Reply").

On January 5, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that it is a California Limited Liability Company and has its principal office in Mill Valley, California. Plaintiff alleges that it operated and continues to operate a vacation bike rentals, delivery, and bicycle sales business. SAC ¶ 1.

Plaintiff alleges that defendant Kitzuma Corporation dba Kitzuma Cycling Logistics is a citizen of North Carolina and has its principal place of business in Asheville, North Carolina. Plaintiff alleges that Kitzuma operated a warehouse facility serving the cycling logistics industry. Id. ¶ 2.

Plaintiff alleges that defendant BikeExchange Limited is an Australian company doing business as Kitzuma Corporation and Kitzuma Cycling Logistics. Plaintiff alleges that BikeExchange is owned and operated Kitzuma Corporation and Kitzuma Cycling Logistics and conducted business globally in Australia, Europe, and North America, including within this judicial district. Id. ¶ 3.

Plaintiff alleges that defendant GetCarrier LLC is a Delaware limited liability company with its principal place of business in Dover, Delaware. Plaintiff alleges that

---

the Court strikes docket 40 and considers docket 43 to be plaintiff's operative Second Amended Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

GetCarrier operates as a transportation property broker in all fifty states, including California.  Id. ¶ 4.

Plaintiff alleges that defendant Empire National, Inc. is a North Carolina corporation with its principal place of business in Fletcher, North Carolina.  Plaintiff alleges that Empire conducts business as a motor carrier in all fifty states, including California and this judicial district.  Id. ¶ 5.

Plaintiff alleges that on or about May 2024, plaintiff purchased 131 bicycles (the "Goods") for $75,0000.  Plaintiff alleges that it entered into valid and enforceable agreement(s) and/or arrangements with GetCarrier regarding the pickup, interstate transportation, and safe delivery of plaintiff's shipment of the Goods.  Plaintiff alleges that it fully performed its obligations under the agreements by purchasing the Goods, paying for their transportation, and preparing the shipment of the Goods for pickup. Plaintiff further alleges that GetCarrier brokered the shipment, which was subsequently re-brokered—without plaintiff's knowledge or consent—to another entity.  Plaintiff alleges that the Goods were never delivered to the intended destination in Sausalito, California; instead, they were rerouted to Ontario and San Fernando, California, where they were unloaded into two box trucks and stolen.  Id. ¶ 12.

Plaintiff alleges that GetCarrier breached its contractual obligations by failing to ensure the Goods were securely and properly transported and by permitting the release of the Goods to an unverified party who diverted and ultimately caused the loss of the Goods.  Id. ¶ 13.  Plaintiff alleges as a result of GetCarrier's breach of contract, plaintiff suffered damages exceeding $75,000.  Id. ¶ 14.

Plaintiff alleges that defendants Kitzuma, GetCarrier, Speed Express, and BikeExchange owed plaintiff a duty of reasonable care in arranging, handling, releasing, and transporting valuable cargo, but that these defendants breached that duty by failing to verify driver identity, check the legitimacy of shipping documents, and protect against unauthorized re-brokering or diversion.  Id. ¶ 16.

Plaintiff alleges as a result of Kitzuma, GetCarrier, Speed Express, and BikeExchange negligence, plaintiff's Goods were stolen, resulting in damage exceeding $75,000.  Id. ¶ 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Plaintiff alleges that Empire held itself out to the public as a common carrier for hire, engaged in the interstate transportation of goods, including the Goods at issue. Plaintiff alleges that Empire is a federally license motor carrier subject to regulation under the Carmack Amendment, 49 U.S.C. § 14706. Plaintiff alleges that Empire failed to safely transport and deliver plaintiff's Goods and permitted the diversion of the shipment of the Goods without proper authorization. Plaintiff alleges that as a result of the acts and omissions of Empire, plaintiff "suffered the loss of 131 e-bikes and associated damages exceeding $350,000." Id. ¶ 23.

Plaintiff alleges that Kitzuma, GetCarrier, Speed Express, and BikeExchange received financial and logistical benefits, including payment and possession of the bikes, without performing the services agreed upon, and that it would be inequitable for these defendants to retain these benefits without compensating the plaintiff. Id. ¶¶ 24-25.

Plaintiff alleges that Kitzuma, GetCarrier, Speed Express, and BikeExchange undertook the responsibility of transporting and handling plaintiff's Goods but failed to exercise reasonable care in the execution of those duties by allowing the Goods to be released to a unverified party based solely on a text message, failing to verify the intended delivery location, and permitting diversion. Id. ¶¶ 28-29.

Plaintiff alleges that Kitzuma, GetCarrier, Speed Express, and BikeExchange negligently entrusted the transportation of plaintiff's Goods to an individual or entity whom they knew or, in the exercise of reasonable care, should have known, was unfit, incompetent, unqualified, or inadequately vetted to perform the transportation services in a safe, secure, and lawful manner. Id. ¶ 31. Plaintiff alleges that these defendants failed to undertake reasonable measures to verify the qualifications, legal authority, fitness, identity of the person or entity to whom they entrusted possession and control of the Goods. Id. ¶ 32.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL               'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Kitzuma and BikeExchange move to dismiss plaintiff's claims for negligence, unjust enrichment, negligent transportation and handling, and negligent entrustment. Mot. at 2.

Kitzuma and BikeExchange first argue that plaintiff's state law claims against them are preempted by the Carmack Amendment, which establishes a "national scheme of carrier liability" and preempts all state law claims concerning "the subject of the liability of the carrier." Id. at 4 (citations omitted). They argue that "[a]ll federal circuit courts, including the Ninth Circuit, have consistently held that the Carmack Amendment completely preempts all state law claims arising from the loss or damage of goods in interstate transit, whether labeled as tort, contract, or other causes of action." Id. at 5 (citing White v. Mayflower Transit, LLC, 543 F.3d 581, 584 (9th Cir. 2008) and other cases. Moreover, they argue that this Court "has followed the same reasoning." Id. (citing Steiner v. Horizon Moving Sys., 568 F.Supp.2d 1084, 1087 (C.D. Cal. 2008). Further, they argue that "[c]argo or goods stolen or converted during an interstate shipment does not preclude the application of the Carmack Amendment [because] [t]heft of an interstate shipment constitutes a "loss" under the Carmack Amendment, … [which] serves as the shipper's exclusive remedy for such a loss." Id. at 7 (citing Mobile Traders, Inc. v. FedEx Freight, Inc., 692 F.Supp.3d 1252, 1255 (S.D. Fla. 2023). Here, Kitzuma and BikeExchange argue that "[b]ecause Plaintiff alleges that the bikes were lost (which includes theft or conversion) during an interstate shipment, the Carmack Amendment governs this case" and preempts plaintiff's state law claims. Id. They conclude that "[p]laintiff should … pursue [Kitzuma] only for a Carmack claim." Id.

Second, Kitzuma and BikeExchange argue that even if the Carmack Amendment did not apply, plaintiff's state law claims are insufficiently pled. First, they argue that plaintiff's negligence claim fails because it consists of conclusory allegations that "fail to establish the existence or scope of any duty Kitzuma owed Plaintiff" and fail to "allege facts showing how Kitzuma owed Plaintiff a duty of care" or "what precise role Kitzuma had among the defendants." Id. at 8. Instead, they argue that "[t]he entity that arguably owed a duty of care to Plaintiff was GetCarrier which contracted directly with Plaintiff."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Id. Moreover, Kitzuma and BikeExchange argue that "[e]ven assuming a duty existed, Plaintiff fails to allege facts showing how Kitzuma's conduct breached that duty or proximately caused the loss" because "[t]he SAC contains no factual details explaining who received the [Goods], how Kitzuma's alleged omissions enabled the theft, or whether Kitzuma had custody or control of the shipment at the time of loss." Id. at 9.

Regarding plaintiff's unjust enrichment claim, Kitzuma and BikeExchange argue that the claim fails "because it is not a valid cause of action." Id. at 9 (citing cases). Moreover, they argue that the claim fails because plaintiff offers only "conclusory allegations [that] fail to allege facts establishing that Kitzuma actually received or retained any identifiable benefit belonging to Plaintiff." Id. at 9.

Regarding plaintiff's claim for negligent transportation and handling, Kitzuma and BikeExchange argue that the claim fails because it is "repetitive of the negligence claim and should be dismissed for the same reasons discussed above why the negligence claim fails." Id. at 10.

Finally, regarding plaintiff's negligent entrustment claim, Kitzuma and BikeExchange argue that the claim fails because it is duplicative of plaintiff's negligence claim and "[a]mong other things, the SAC does not allege that Kitzuma owned or operated the vehicles that were used to transport the shipment of bikes, or [allege] any facts showing how Kitzuma negligently entrusted a third party with Plaintiff's [Goods]." Id. at 11.

In opposition, plaintiff argues that Kitzuma and BikeExchange's preemption argument fails because "the Carmack Amendment applies only to motor carriers or forwarders" and the SAC "does not allege that either Kitzuma or Bike[E]xchange are motor carriers or forwarders." Opp. at 3. Plaintiff further argues that its negligence and unjust enrichment claims are properly pled. Id. at 4-5.

In reply, Kitzuma and BikeExchange argue that the Carmack Amendment preempts plaintiff's state law claims because "Plaintiff *does* allege that Kitzuma was involved in the interstate transportation of Plaintiff's bikes; that Kitzuma warehoused the bikes; and created a Bill of Lading for transportation of the bikes." Reply at 4 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

"The Carmack Amendment established a uniform national liability policy for interstate carriers." Hughes Aircraft Co. v. N. Am. Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992); see also 49 U.S.C. § 14706(a). "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property and thus, completely preempts such claims." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115 (9th Cir. 2011); see also Hall v. North Am. Van Lines, Inc., 476 F.3d 683, 688–89 (9th Cir. 2007). "However, liability under the Carmack Amendment is limited to carriers and does not extend to brokers. 49 U.S.C. Section 14706." Proline Distribution Servs., Inc. v. United Freight Grp., LLC, No. 2:24-CV-09763-CV (ASX), 2025 WL 3050145, at *4 (C.D. Cal. Sept. 29, 2025).

"[T]he key distinction [in differentiating brokers from carriers] is whether the disputed party accepted legal responsibility to transport the shipment." Essex Ins. Co. v. Barrett Moving & Storage, Inc., 885 F.3d 1292, 1301 (11th Cir. 2018); see also CGU Int'l Ins., PLC v. Keystone Lines Corp., No. C-02-3751 SC, 2004 WL 1047982, at *2 (N.D. Cal. May 5, 2004) ("The crucial distinction is whether the party legally binds itself to transport, in which case it is considered a carrier. That is, if [the defendant] accepted responsibility for ensuring delivery of the goods, regardless of who actually transported them, then [the defendant] qualifies as a carrier. If however [the defendant] merely agreed to locate and hire a third party to transport the [goods], then it was acting as a broker.") (cleaned up). "The fact that an entity has a broker's license but not a motor carrier's license is not dispositive of the issue of liability. ... 'A carrier's status as a common carrier is determined not by reference to its authority but rather by reference to what it holds itself out to be.' … Thus, if [a party] held itself out as a motor carrier, it may still be held liable under the Carmack Amendment even though it did not physically transport the [Goods] itself." Collicutt Energy Servs. Inc. v. Trinity Logistics, Inc., No. 222CV00364TLNCKD, 2024 WL 920556, at *4 (E.D. Cal. Mar. 1, 2024) (citations omitted).

"Whether the Carmack Amendment preempts state law claims against brokers is not a settled issue." Prussin v. Bekins Van Lines, LLC, No. 5:13-CV-02874 HRL, 2015 WL 457470, at *3 (N.D. Cal. Feb. 3, 2015). As the Prussin court explained:

> A number of courts have concluded that the statute does not preempt state law claims because it does not govern brokers. See, e.g., Chatelaine, Inc. v. Twin Modal, Inc., 737 F.Supp.2d 638, 641 (N.D. Tex. 2010) ("As the Carmack

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Amendment does not apply, there can be no preemption under the Carmack Amendment for the state law claims of breach of contract, negligence, negligent hiring practices, and violation of the [state deceptive trade practices act]."); Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc., 243 F.Supp.2d 1064, 1069 (C.D. Cal. 2002) ("However, the Carmack Amendment does not apply to brokers. Consequently, most courts hold that brokers may be held liable under state tort or contract law in connection with shipments.") (internal citations omitted); Laing v. Cordi, No. 2:11–cv–566–FtM–29SPC, 2012 WL 2999700 at *2 (M.D. Fla., July 23, 2012) ("If the party is a carrier, the Carmack Amendment will apply and preempt any state law claims related to the delivery of the goods; however, if the party is a broker, the state law claims will not be preempted.").

Two often-cited contrary cases hold that the Carmack Amendment impliedly preempts negligence claims: Ameriswiss Technology, LLC v. Midway Lines of Illinois, Inc., 888 F.Supp.2d 197 (D.N.H. 2012), which in turn relied on York v. Day Transfer Co., 525 F.Supp.2d 289 (D.R.I. 2007). Neither case, however, addresses the statutory text that makes the Carmack Amendment applicable only to claims against carriers. This court therefore does not find Ameriswiss or York persuasive. Accordingly, this court declines to find implied preemption of plaintiffs' negligence claim and instead follows those courts that hold that the Carmack Amendment does not preempt state law claims against brokers.

Id. At this stage, the Court presumes that the Carmack Amendment does not preempt state law claims against brokers.[2] See id.; see also Watson v. Bekins Van Lines

---

[2] At oral argument, counsel for plaintiff suggested that while the Carmack Amendment may not preempt negligence claims against brokers, the Federal Aviation Administration Authorization Act (FAAAA) does. Counsel brought to the Court's attention Miller v. C.H. Robinson Worldwide, Inc., 976 F.3d 1016 (9th Cir. 2020), in which the Ninth Circuit applied the safety exception of the FAAAA that exempts from preemption "the safety regulatory authority of a State with respect to motor vehicles." Id. at 1025-1031. The Ninth Circuit limited its holding as follows: "negligence claims against brokers, to the extent that they arise out of *motor vehicle accidents*, have the requisite 'connection with' motor vehicles" to fall within the safety exception of the FAAAA. Id. at 1031 (emphasis added). By contrast, district courts interpreting Miller have reached different conclusions to the specific issue presented here: whether state law claims against brokers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Co., No. CV0903436DDPJCX, 2009 WL 10671724, at *3 (C.D. Cal. Oct. 6, 2009). Here, however, plaintiff's SAC does not consistently allege that Kitzuma and BikeExchange were brokers. Plaintiff's SAC alleges that Kitzuma and BikeExchange were responsible for plaintiff's loss of its Goods but does not consistently allege the role they played with respect to the loss of the Goods. Plaintiff alleges that "[Kitzuma, GetCarrier, Speed Express, and BikeExchange] undertook the responsibility of transporting and handling Plaintiff's shipment but failed to exercise reasonable care in the execution of those duties." SAC ¶ 28. This allegation suggests that Kitzuma and BikeExchange were carriers. On the other hand, plaintiff also alleges that "[Kitzuma, GetCarrier, Speed Express, and BikeExchange] negligently entrusted the transportation of Plaintiff's [Goods] to an individual or entity whom they knew or, in the exercise of reasonable care, should have known, was unfit, incompetent, unqualified, or inadequately vetted to perform the transportation services in a safe, secure, and lawful manner." Id. ¶ 31. This allegation suggests that Kitzuma and BikeExchange did not accept legal responsibility to transport the Goods and acted merely as brokers.

---

that arise out of *stolen cargo* are preempted by the FAAAA or fall within the FAAAA's safety exception. Compare Jeunesse, Inc. v. NTG Air & Ocean, LLC, No. 2:24-CV-9221-CBM-PVC, 2025 WL 2020005, at *3 (C.D. Cal. June 17, 2025) (reasoning that "even under Miller's broad interpretation of the safety exception, the alleged theft of cargo here is not 'connected with' the regulation of motor vehicle *safety*" and thus holding that "regardless of whether Defendant is a carrier or a broker, Plaintiff's state law claims are preempted as a matter of law."), with Milk Specialties Co. v. Sandair Corp., 753 F. Supp. 3d 1043, 1048-49 (E.D. Cal. 2024) (reasoning that "[b]ecause protecting against theft and the conduct that can arise and harm individuals who interact with carriers engaged in theft, the safety exception applies" and holding that "the FAAAA does not preempt plaintiff's negligence claim[] because it falls within the FAAAA's safety exception."). At this stage, without more detailed factual allegations, the Court declines to hold that the FAAAA preempts plaintiff's state law claims against Kitzuma and BikeExchange. See W Fed. Ins. Co. v. ClearFreight Inc., No. 2:23-CV-05605-MRA-JPR, 2024 WL 5679160, at *5 (C.D. Cal. May 31, 2024) ("the Court finds that it would be premature to decide at this stage whether [plaintiff's] claims are preempted by the FAAAA.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Because the Court, reviewing the SAC, cannot ascertain whether Kitzuma and BikeExchange are alleged to be carriers, it declines to dismiss plaintiff's state law claims on preemption grounds. Moreover, a plaintiff may plead inconsistent or even contradictory allegations. See Fed. R. Civ. P. 8; PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 860 (9th Cir. 2007). The Court notes, however, that should facts establish that Kitzuma and BikeExchange were carriers, plaintiff's state law claims against them would be completely preempted by the Carmack Amendment.

Proceeding under the assumption that Kitzuma and BikeExchange are alleged to be brokers, the Court finds that plaintiff has adequately pled certain state law claims. Regarding plaintiff's negligence claim, plaintiff alleges that Kitzuma and BikeExchange, among other defendants, (1) owed plaintiff a duty of reasonable care in arranging, handling, releasing, and transporting plaintiff's Goods; (2) breached that duty by failing to verify driver identity, check the legitimacy of shipping documents, and protect against unauthorized re-brokering or diversion; which (3) caused (4) plaintiff's Goods to be stolen and resulting damage exceeding $75,000. Id. ¶¶ 16-17. These allegations state a claim for negligence. See Cnty. of Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292, 318 (2006) (holding that under California law, the elements of a negligence claim are "duty, breach, causation and damages.").

As to unjust enrichment, "[s]ome California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action. Compare Prakashpalan, 223 Cal. App. 4th at 1132, 167 Cal. Rptr. 3d 832 (allowing plaintiffs to state a cause of action for unjust enrichment) with Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682 (2010) ("There is no cause of action in California for unjust enrichment.") (internal quotation marks and citation omitted). While California case law appears unsettled on the availability of such a cause of action, this Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract. See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'") (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231, 166 Cal. Rptr. 3d 864 (2014)). … To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense. Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (2000)." ESG Cap. Partners, LP v. Stratos, 828 F.3d 1023, 1038 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

2016). Here, plaintiff alleges that Kitzuma and BikeExchange, among other defendants, "received financial and logistical benefits, including payment and possession of the bikes, without performing the services agreed upon"; thus, plaintiff alleges that "it would be inequitable for these defendants to retain these benefits without compensating the plaintiff." SAC ¶¶ 24-25. These allegations adequately state a claim for unjust enrichment.

The Court is unaware of a cause of action for "negligent transportation and handling" that is distinct from a claim for negligence. Accordingly, the Court finds that plaintiff fails to state an independent claim for negligent transportation and handling.

"California courts have at least suggested that … negligent entrustment applies only to 'dangerous instrumentalit[ies].' See Jacoves v. United Merch. Corp., 9 Cal. App. 4th 88, 116, 11 Cal.Rptr.2d 468 (Cal. Ct. App. 1992) ('A person owes a duty of care not to provide a dangerous instrumentality to an individual whose use of the instrumentality the supplier knows, or has reason to know, will result in injury.')." In re Uber Techs., Inc., Passenger Sexual Assault Litig., 745 F. Supp. 3d 869, 902 (N.D. Cal. 2024); see also Nat'l Union Fire Ins. Co. v. Showa Shipping Co., 166 F.3d 343 (9th Cir. 1999) ("The theory of negligent entrustment applies to all 'dangerous instrumentalities,' including motor vehicles … 6 Witkin, Summary of California Law, Torts, § 998, 999, p. 389-90 (9th ed.1988)"). Accordingly, plaintiff fails to state a claim for negligent entrustment because plaintiff does not allege that Kitzuma and BikeExchange entrusted any dangerous instrumentality to a third party that resulted in harm to plaintiff; rather, plaintiff alleges that defendants "negligently entrusted the transportation of Plaintiff's [Goods] to an individual or entity whom they knew or … should have known, was unfit … to perform the transportation [of the Goods]." SAC ¶¶ 31.

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** Kitzuma and BikeExchange's motion to dismiss plaintiff's claims against them for negligence and unjust enrichment.

The Court **GRANTS** Kitzuma and BikeExchange's motion to dismiss plaintiff's claims against them for negligent transportation and handling and negligent entrustment, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-07105-CAS-MAAx | Date | January 6, 2026 |
|---|---|---|---|
| Title | Vacational Bike Rentals LLC v. Kitzuma Corporation et al. | | |

Plaintiff may file a third amended complaint on or before January 19, 2026.

Plaintiff is directed to clarify which of the defendants are brokers and which are carriers.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |